R. Samuel Paz Esq. (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado Esq. (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5711 W. Slauson Ave., Suite 100
Culver City, California 90230
Telephone: 310.410.2981
Facsimile: 310.410.2957
E-mail: samuelpaz@msn.com
E-mail: soniamer2002@yahoo.com

Attorneys for Plaintiffs Desiree Henriquez, Joseph Ignacio Henriquez and the Estate of José Roberto Henriquez Jr.

FILED
CLERK, U.S. DISTRICT COURT
JAN - 9 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DESIREE HENRIQUEZ, JOSEPH IGNACIO HENRIQUEZ AND THE ESTATE OF JOSE ROBERTO HENRIQUEZ JR.

   Plaintiffs

vs.

THE CITY OF BELL, BELL POLICE DEPARTMENT, CHIEF ANTHONY MIRANDA, OFFICER JOHNATHAN WALKER AND DOES 1 through 10 inclusive,

   Defendants.

CASE NO. CV14-00196-GW(SSx)

**COMPLAINT FOR DAMAGES:**

(1) 42 U.S.C. § 1983 - Violation of Civil Rights;
(2) 42 U.S.C. § 1983 - Entity Liability
(3) 42 U.S.C. § 1983 - Supervisory Liability;
(4) Negligence;
(5) Violation of California Government Code § 845.6;
(6) Violation of Civil Code 52.1, Unlawful Search and Seizure

**DEMAND FOR JURY TRIAL**

Plaintiffs, by and through their attorneys, LAW OFFICES OF R. SAMUEL PAZ and SONIA MERCADO & ASSOCIATES, allege as follows:

**JURISDICTION AND VENUE**

1. This is a civil rights wrongful death/survival action arising from Defendant's false arrest, failure to provide access to competent medical care and treatment

COMPLAINT AND JURY DEMAND

1. concerning Decedent's serious medical needs and use of unnecessary force in violation of his civil rights occurring while Decedent was under their custody and control, resulting in the death of JOSÉ ROBERTO HENRIQUEZ JR. on April 15, 2013. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law.

2. Venue over Plaintiffs' claims is proper in the Central District of California because one or more of the Defendants' principal place of business is in the City of Gardena, County of Los Angeles and the events giving rise to the claim occurred in this district. 28 U.S.C. §1391(a)(1) and (b)(2).

## PARTIES.

3. Plaintiffs are DESIREE HENRIQUEZ (hereinafter "Mrs. HENRIQUEZ) and JOSEPH IGNACIO HENRIQUEZ, respectively the wife and natural son of the deceased JOSE ROBERTO HENRIQUEZ JR., successors in interest pursuant to *Code of Civil Procedure § 377.22, 377.32 and 377.60 et seq.* of their deceased husband and father, and they currently reside in the County of Los Angeles, State of California. These claims are brought individually and on behalf of JOSÉ ROBERTO HENRIQUEZ JR. (hereinafter "Mr. HENRIQUEZ), deceased, and on the basis of 42 USC § 1983 and 1988 of the United States Constitution, and state civil rights and other laws.

4. At the time of the events alleged herein Mr. HENRIQUEZ was age 41 years, working as a senior security technician for a large corporate business in Southern California.

5. Defendant CITY OF BELL (hereinafter "CITY"), is a chartered subdivision of the State of California with the capacity to sue and be sued. Defendant CITY

1 is responsible for the actions, omissions, policies, procedures, practices and
2 customs of its various agents and agencies, including the Defendant BELL
3 POLICE DEPARTMENT (hereinafter "BPD"), and its agents and employees.
4 At all times relevant to the facts alleged herein, Defendant CITY and BPD
5 were responsible for assuring that the actions, omissions, policies, procedures,
6 practices and customs of the BPD and its employees and agents complied with
7 the federal and state laws and the Constitution of the State of California.

8  6. Defendants, Chief ANTHONY MIRANDA (hereinafter "Chief MIRANDA"),
9 and Does 1 through 10, were at all times mentioned herein, and on or about
10 April 13, 2013, CITY and BPD employees and supervisors. They are sued in
11 their personal capacity.  They were charged by law and were responsible with
12 the supervision of police officer JONATHAN WALKER (hereinafter "Officer
13 WALKER") and DOES 1-10 and other employees under their command in
14 BPD and for the training, reprimands and corrective actions of persons, agents
15 and employees working under their chain of command within said BPD,
16 including officers, police officers, and for investigating, accounting and
17 reporting their subordinates conduct to their superiors, and accountable for
18 Does 1 through 10, inclusive, as set forth herein and below.

19  7. Defendants Officer WALKER and DOES 1-10 were employees of CITY  and
20 BPD and at all times mentioned herein, police officers and custodial staff who
21 were responsible for the proper investigations of crimes and for providing
22 access and delivery of medical care for serious medical problems of people in
23 their custody and for the security, care, and safety of Plaintiff Mr.
24 HENRIQUEZ, and were responsible for ensuring that his constitutional and
25 statutory rights were not violated.  They are sued in their personal capacity.

26  8. Plaintiffs are informed and believe and thereon allege that Defendants sued
27 herein as Does 1 through 10, inclusive were and are police officers, medical
28 care providers, agents or employees of Defendants CITY and BPD and were

3                                COMPLAINT AND JURY DEMAND

at all relevant times acting in the course and scope of their employment and agency. Plaintiffs allege that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein. Each Defendant and Doe Defendant caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with disregard to Plaintiffs' rights, to initiate and maintain adequate training, tracking, supervision and staffing; by failing to maintain proper and adequate policies, procedures and protocols; and by ratifying, condoning and/or enabling the unlawful conduct performed by agents and police officers, and employees under their direction and control. Plaintiffs will ask leave of this Court to amend this Complaint to allege such facts, names and responsibility when that information is ascertained.

9. Whenever and wherever reference is made in this Complaint to any act by Defendants, such allegations and references will also be deemed to mean the acts and failures to act of each Defendant individually, jointly or severally.

10. At all material times, each Defendant and Doe Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the United States.

11. Plaintiffs filed a timely claim pursuant to California Government Code § 910, on September 16, 2013. That claim was denied on September 19, 2013. Plaintiffs' Complaint is timely filed.

**GENERAL ALLEGATIONS**

12. In the morning hours of Saturday, April 13, 2013, at approximately 9:30 a.m., Mr. HENRIQUEZ was lawfully driving his 2008 GMC pickup truck, on

Atlantic Avenue, in the City of Bell when he became ill and lost consciousness. His vehicle struck a parked vehicle at a low speed near the intersection of Bell Plaza. The property damage was minor. Officer WALKER, arrived at the scene of the property damage accident approximately 9:40 a.m., and was told by Mr. HENRIQUEZ that he was sick and had become unconscious.

13. At that time, Mr. HENRIQUEZ displayed signs and symptoms of a serious but treatable medical problem. He was weak, lethargic had difficulty maintaining his balance, nauseous and his pupils were constricted. He had ingested no drugs or alcohol. As he was being interviewed by Officer WALKER, Mr. HENRIQUEZ vomited again and again lost consciousness momentarily. Rather than providing Mr. HENRIQUEZ with immediate access to medical attention to determine the causes and reasons for his serious medical condition, Officer WALKER and Does 1-10 falsely arrested him and charged him with Driving Under the Influence. Then rather than seeking an assessment of his physical condition from a competent medical provider, Officer WALKER and/or Doe Defendants caused Mr. HENRIQUEZ to be driven to U.S. Healthworks, a medical clinic where blood was drawn. Thereafter he was driven to the CITY police station.

14. During the booking process, Mr. HENRIQUEZ was again denied access to medical attention while sitting in jail with continued obvious symptoms of a serious but treatable medical problems such as dizziness, head and neck pain and inability to hold himself upright or control his body. While Officer WALKER and unknown Does 1-10 police officers or other agents or employees of CITY were handling or moving Mr. HENRIQUEZ, he was either hit, pushed or allowed to fall causing him further trauma and injury.

15. Mr. HENRIQUEZ continued manifesting and suffering a severe headache then appeared to have a seizure lasting approximately 30 seconds, accompanied

with vomiting. He lost consciousness again. Defendants and Doe Defendants ignored his need for medical care and treatment and rather than providing Mr. HENRIQUEZ access to immediate medical care, Defendant Officer WALKER or Doe Defendants instead telephoned his co-worker asking him to report to the Bell Jail and pick up Mr. HENRIQUEZ and take him home. By the time the co-worker arrived at the Bell jail, he was told to wait. About 10 minutes later an officer informed him that Mr. HENRIQUEZ was dispatched by paramedics to the hospital. Paramedics were not requested until 11:53 a.m.

16. Mr. HENRIQUEZ was transported from the jail to the St. Francis Hospital Emergency Room where he arrived at 12:10 p.m. Emergency room treatment showed Mr. HENRIQUEZ had suffered a cerebral aneurysm which had ruptured and was bleeding. A toxicology scan showed no alcohol or narcotics in his system. The hospital attempted life saving surgery and other treatment, but Mr. HENRIQUEZ died on April 15, 2013.

17. As a direct and proximate result of each Defendant's acts/or omissions as set above, Plaintiffs sustained the following injuries and damages, past and future, among others:
   a. Wrongful death of Mr. HENRIQUEZ;
   b. Hospital and Medical expenses;
   c. Funeral and burial expenses;
   d. Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace and moral support;
   e. Loss of economic support;
   f. Violation of Constitutional Rights;
   g. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States

statutes, codes, and common law;

h. Mr. HENRIQUEZ's loss of life, pursuant to federal civil rights law;

i. Mr. HENRIQUEZ's conscious pain and suffering, pursuant to federal civil rights law.

**FIRST CAUSE OF ACTION: CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. 1983 AGAINST OFFICER WALKER AND DOES 1-10.**

18. Plaintiffs reallege paragraphs 1 through 17 above and incorporate them by reference herein.

19. Plaintiff Mr. HENRIQUEZ was lawfully within the County of Los Angeles as stated above and had not committed a crime, when Defendant Officer WALKER and DOES 1-10 from the BELL Police Department, without a warrant or probable cause falsely arrested Mr. HENRIQUEZ in violation of his Fourth Amendment rights.

20. At the time of his arrest, Mr. HENRIQUEZ informed Defendant Officer WALKER and DOES 1-10 that he had committed no crime, that he had fallen unconscious and was ill, however, the officers ignored him and arrested him. Officer WALKER and other doe defendants were responsible for the safety and welfare of Mr. HENRIQUEZ, at the time of his arrest and at all times thereafter while he was in their custody and control at the CITY jail. They knew or should have known, that Mr. HENRIQUEZ'S condition was worsening, that he required immediate access to intervention, hospitalization and medical treatment for his serious but treatable medical health condition. These Defendants knew and reasonably should have known that Mr. HENRIQUEZ could not care for himself and that he was in their custody and control and dependent upon them for access to medical care.

21. Defendant Officer WALKER and Doe Defendants 1-10, ignored, delayed or denied Mr. HENRIQUEZ's urgently needed medical care and treatment. As a

result of these Defendants' deliberate indifference and/or callous disregard for Mr. HENRIQUEZ's need for medical care and treatment, and their disregard and ignoring of said condition, Mr. HENRIQUEZ suffered damages, pain and suffering, anxiety, confusion, disorientation, loss of consciousness, vomiting, nausea, loss of life and deprivation of his constitutional rights in an amount not yet ascertained but to be proven.

22. By the actions and omissions described above, Defendants Officer WALKER and Doe Defendants 1-10 violated 42 U.S.C. § 1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

   a. The right to be free from an unreasonable force and seizure as a pre-arraignment arrestee as secured by the Fourth Amendment;

   b. The right to be free from deliberate indifference to his serious medical needs while in custody as a pre-arraignment arrestee as secured by the Fourteenth Amendment;

   c. The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society and support of each other, as secured by the Fourteenth Amendment.

23. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of Mr. HENRIQUEZ) and others would be violated by their acts and/or omissions.

24. The conduct of Defendant Officer WALKER and Doe Defendants 1-10 entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and Cal. Code of Civil Procedure § 377.20 et seq., and other state and federal law.

25. Plaintiffs are also entitled to reasonable costs and attorney fees under 42 USC

§ 1988 and applicable federal and California codes and laws.

**SECOND CAUSE OF ACTION: ENTITY LIABILITY FOR CUSTOM, PRACTICE OR POLICY CAUSING CONSTITUTIONAL VIOLATIONS.**

26. Plaintiffs reallege paragraph 1 through 25 of this Complaint and incorporate them by reference herein.

27. At all times herein mentioned, Defendants CITY and BPD and each of them, maintained customs, practices or policies that posed a substantial risk of serious harm to detainees in Mr. HENRIQUEZ's situation and each defendant knew that the following custom, practice or policy posed this risk of harm.

28. The unconstitutional actions and/or omissions of Defendants Officer WALKER as well as other officers employed by or acting on behalf of CITY and BPD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of CITY and BPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers, for CITY and BPD, including Defendant Chief MIRANDA:

   a. The failure to require proper assessment of the need for urgent medical care and treatment of a detainee/inmate prior to or during the booking process;

   b. The failure to properly house and/or monitor a detainee/inmate who manifests and/or complains of having a serious medical condition;

   c. The failure to provide medical care for detainees with serious medical needs and/or to provide them access to medical care and treatment;

   d. The failure to use and/or implement appropriate and generally accepted jail procedures for handling detainees who need medical care and treatment;

   e. The failure to institute, require and enforce proper and adequate

training, supervision, policies, and procedures concerning handling detainees/inmates at BPD jail who manifest or complain of serious medical conditions;

    f.    The cover-up violations of constitutional rights by any or all of the following:

        I.    By failing to properly investigate and/or evaluate complaints or incidents related to the claimed customs, policies, practices, and procedures described above in paragraphs (a) through (f);

        ii.    By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity at the CITY and BPD jail and/or by patrol officers as described above in paragraphs (a) through (e);

        iii.    By allowing, tolerating, and/or encouraging police officers and jail personnel to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    g.    To allow, tolerate and/or encourage a "code of silence" among law enforcement officers and BPD personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

    h.    To use or tolerate inadequate, deficient and improper procedures for handling, investigating and reviewing complaints of officer misconduct, including claims made under California Government Code § 910 et seq.; and,

    I.    To condone lax or lack of supervision by line supervisors who fail to

report or investigate officers and subordinate supervisors who fail to provide reasonable security and/or protection resulting in detainee injury and/or death.

29. The unconstitutional actions and/or omissions of Defendants Chief MIRANDA, Officer WALKER and other BPD personnel, as described above, were approved, tolerated and/or ratified by policy making officers for CITY and BPD. Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policymakers within CITY and BPD, including Chief MIRANDA, and that such policymakers have direct knowledge of the fact that Mr. HENRIQUEZ was unlawfully denied necessary care for his serious medical needs among other rights and accommodations. Notwithstanding this knowledge, the authorized policymakers within CITY and BPD have approved of the individual Defendants' conduct and decisions in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of Mr. HENRIQUEZ. By so doing, the authorized policymakers within CITY and BPD have shown affirmative agreement with the individual defendant officers' and agents' actions, and have ratified the unconstitutional acts of the individual defendant officers and agents.

30. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants CITY and BPD, were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth in Paragraph 22, above.

31. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY and BPD, as

described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as set forth above, not including punitive damages.

**THIRD CAUSE OF ACTION: SUPERVISOR LIABILITY AGAINST DEFENDANTS CHIEF MIRANDA AND SUPERVISORS DOES 1-10.**

32. Plaintiffs reallege paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Chief MIRANDA, and Supervisor Defendants DOES 1-10 knew or should have known that Mr. HENRIQUEZ, had committed no crime, was in need of immediate medical care, knew or should have known that Mr. HENRIQUEZ was exhibiting, complained and informed each of them that he was suffering from serious medical conditions and knew or should have known that he was in need of timely access to and/or delivery of immediate medical care and treatment, and Defendants refused and failed to take reasonable action to summon and/or to provide Mr. HENRIQUEZ, timely access and/or delivery to medical attention and treatment.

34. Chief MIRANDA, and Supervisor Defendants DOES 1-10 knew or should have known that Plaintiff Mr. HENRIQUEZ, was unable to care for himself and failed to provided him protection from the unnecessary use of force in the jail facility where he was being held, failed to adequately train and supervise OFFICER WALKER and Does 1-10 in the proper screening of a person being booked into custody so that they would not be subject to unnecessary force or denial of timely access to medical care for a serious medical condition.

35. These Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of Mr. HENRIQUEZ) and others would be violated by their acts and/or omissions.

36. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 17 above.

37. The conduct of Defendant Chief MIRANDA and Supervisors Doe Defendants 1-10 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC § 1983 and Cal. Code of Civil procedure § 377.20 et seq., and other state and federal law.

**FOURTH CAUSE OF ACTION: NEGLIGENCE AGAINST ALL DEFENDANTS AND DOE DEFENDANTS.**

38. Plaintiffs reallege paragraphs 1 through 17 of this Complaint and incorporate them herein as if set forth in full.

39. By virtue of the foregoing, Defendants Chief MIRANDA, Officer WALKER, BPD, CITY and DOES 1-10 owed Plaintiffs a duty of due care to provide Mr. HENRIQUEZ access and/or delivery to medical attention and treatment and/or to ensure that their subordinates provided such access of care. Defendants knew or should have known, that delay or denial of access to medical care and treatment would cause harm and injury to Plaintiffs.

40. Each individual Defendant and Doe Defendant breached said duty of care in delaying and/or denying access and delivery of medical attention to Mr. HENRIQUEZ. Chief MIRANDA, Doe Defendants 1-10, were supervising officers, nurses and/or medical providers who were present at the jail and knew or should have known and informed of Plaintiff Mr. HENRIQUEZ's complaint and of his repeated request of medical care and treatment, and knew or should have known, that failure to provide him access and/or delivery to medical care and treatment would result in harm and injury to him and Plaintiffs.

41. On, before and after April 13, 2013, Defendants Chief MIRANDA, Defendant Supervisors Does 1-10 failed to properly train, assign, supervise, and guide

      their subordinate officers, custody and personnel assigned to the BPD and to its jails, including but not limited to Defendants Officer WALKER and DOES 1-10.

42. Due to inadequate policies or procedures of BPD, Chief MIRANDA and/or other Defendant Supervisors Does 1-10, for supervision and security of arrestees and inmates, such that the custody and medical services personnel failed to see or monitor arrestees and inmates for serious but treatable medical and mental health conditions and operated their jail without adequate safeguards, audits, or reporting requirements reviewable by superiors.

43. As a result of Chief MIRANDA, defendants Supervisors Doe 1-10 failure to correct the conduct of their subordinates, to provide adequate staffing and the lack of said accountability measures, medical care providers, officers and employees regularly delayed or denied medical health care to arrestees and inmates, engaged in a pattern and practice of failing to screen or monitor arrestees and inmate for serious but treatable medical health conditions, thereby violating the constitutional rights of persons in custody, California's Code of Regulations, Title 15, and the BPD's departmental policies and procedures.

44. Said acts and omissions by Chief MIRANDA, defendants Supervisors Doe 1-10 set in motion a series of acts by their subordinates that they knew, or reasonably should have known, would be a cause of their subordinates' deprivation of Mr. HENRIQUEZ'S right to access to medical care and of the damages complained of herein as further set forth above.

45. Each Defendant and Doe Defendant was negligent as his or her conduct fell below the standard of care for police officers, nurses and medical providers in the community.

46. By virtue of the foregoing, the individual Defendants and Does 1-10 owed Plaintiffs a duty of due care. This duty of care was breached in the hiring,

| | |
|---|---|
| 1 | supervision, training, retention and failure to investigate and reprimand each of |
| 2 | the persons falsely arresting or delaying and/or denying Plaintiff Mr. |
| 3 | HENRIQUEZ medical attention or access to medical care and treatment or |
| 4 | failing to summons medical care. |
| 5  47. | As a result Plaintiffs suffered damages and injuries as set forth above in |
| 6 | paragraph 17 and incorporated herein. |
| 7 | **FIFTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA** |
| 8 | **GOVERNMENT CODE § 845.6 AGAINST OFFICER WALKER AND** |
| 9 | **DOES 1 through 10** |
| 10 48. | Plaintiffs reallege paragraphs 1 through 17 of this Complaint and incorporate |
| 11 | them as if set forth in full herein. |
| 12 49. | At all times mentioned herein Mr. HENRIQUEZ was an arrestee of BPD and |
| 13 | of Defendants and Doe Defendants. Defendant Officer WALKER and DOE |
| 14 | Defendants 1 through 10 owed a duty of care to prisoners such as Mr. |
| 15 | HENRIQUEZ, and they knew or had reason to know that Mr. HENRIQUEZ |
| 16 | was in need of immediate access to and/or delivery of immediate medical care |
| 17 | and treatment, that he was exhibiting, manifesting, complained and/or |
| 18 | informed each of them that he was suffering from a serious medical condition. |
| 19 | These Defendant and Doe Defendants 1-10 failed to take reasonable action to |
| 20 | timely summon such medical care. |
| 21 50. | Defendants' conduct was in violation of California Government Code § 845.6, |
| 22 | and was a proximate cause Mr. HENRIQUEZ's pain and suffering, past costs |
| 23 | of medical expenses, deprivation of his constitutional rights, and eventual, but |
| 24 | preventable death, all in an amount to be proven. |
| 25 51. | As a further proximate cause of Defendants actions and inactions, Mrs. |
| 26 | HENRIQUEZ and JOSEPH IGNACIO HENRIQUEZ have suffered and |
| 27 | continue to suffer damages as set forth in paragraph 17 above. |
| 28 | **THIRD CAUSE OF ACTION VIOLATION OF CIVIL CODE 52.1,** |

## UNLAWFUL SEARCH AND SEIZURE AGAINST OFFICER WALKER AND DOES 1 through 100.

52. Plaintiffs reallege paragraphs 1 through 26 of this Complaint and incorporate them as if set forth in full herein.

53. Plaintiffs allege that Defendants' conduct constituted interference by threats, intimidation, or coercion, or attempted interference, with the exercise of enjoyment by Decedent of rights secured by the Constitution of laws of the United States, or secured by the Constitution or laws of the State of California, including interference with decedent's rights to be secure in his person and free from the use of excessive force under Cal. Const. Art. 1 sec. 13 as well as Cal. Civ. Code § 43, and the right of protection from bodily restraint and harm.

54. This cause of action is brought pursuant Cal. Civ. Proc. Code § 377.20(a) which provides that except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period.

55. Defendants' conduct was in violation of Cal. Civ. Code § 52.1, and was a legal cause Mr. HENRIQUEZ's pain and suffering prior to his death, past costs of medical expenses, deprivation of his constitutional rights, and eventual, but preventable death, all in an amount to be proven.

WHEREFORE, Plaintiffs pray for judgement as follows:
1. General and special damages in an amount according to proof;
2. Punitive damages according to proof against all defendants except municipal defendants;
3. Costs of litigation, penalties, interest;
4. For attorneys' fees and costs as allowed by State and Federal Law;
5. Such other and further relief as the court deems appropriate and just.

Respectfully submitted,

Dated: January 8, 2014

**LAW OFFICES OF R. SAMUEL PAZ**
**SONIA MERCADO & ASSOCIATES**

By: _____
R. SAMUEL PAZ,
SONIA M. MERCADO,
Co-Counsels for Plaintiffs Desiree Henriquez, Joseph Ignacio Henriquez and the Estate of Jose Roberto Henriquez Jr.

## JURY DEMAND

Trial by jury of all issues is hereby demanded.

Dated: January 8, 2014

**LAW OFFICES OF R. SAMUEL PAZ**
**SONIA MERCADO & ASSOCIATES**

By: _____
R. SAMUEL PAZ,
SONIA M. MERCADO,
Co-Counsels for Plaintiffs Desiree Henriquez, Joseph Ignacio Henriquez and the Estate of Jose Roberto Henriquez Jr.