**MICHAEL A. DI LANDO, ESQ.** (State Bar No.119665)
mdilando@rdwlaw.com
**MARK KANE, ESQ.** (State Bar No.170588)
mkane@rdwlaw.com
**ROBINSON, DI LANDO**,
A Professional Law Corporation
800 Wilshire Boulevard
Suite 750
Los Angeles, California 90017-2687
Telephone: (213) 229-0100
Facsimile: (213) 229-0114

Attorneys for Defendant, G4S Secure Solutions (USA) Inc., (erroneously sued as and formerly known as "The Wackenhut Corporation")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE HENRIQUEZ, JOSEPH IGNACIO HENRIQUEZ AND THE ESTATE OF JOSE ROBERTO HENRIQUEZ<br><br>　　Plaintiffs<br><br>v.<br><br>THE CITY OF BELL, BELL POLICE DEPARTMENT, CHIEF ANTHONY MIRANDA, OFFICERS JOHNATHAN WALKER, KURT M. OWNES, BILL MCCULLAH, SGT. JOSE JIMENEZ, WACKENHUT CORPORATION AND JAILOR A. GALLEGOS, DOES 1 through 10, inclusive.<br><br>　　Defendants. | Case No. 2:14-CV-00196-GW (SSx)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**[DEMAND FOR JURY TRIAL]** |

---

1
ANSWER TO FIRST AMENDED COMPLAINT

Defendant G4S Secure Solutions (USA) Inc. (erroneously sued as and formerly known as "The Wackenhut Corporation") (hereinafter either "G4S" or "Responding Defendant") hereby answers the First Amended Complaint filed by Plaintiffs (hereinafter "Plaintiffs") as follows:

1.     Pursuant to Federal Rules of Civil Procedure, Rule 8(b)(3), Responding Defendant both generally and specifically denies each, every and all of the allegations contained in the First Amended Complaint except those expressly admitted below.

**JURISDICTION AND VENUE**

2.     Responding to Paragraph 1 of the First Amended Complaint, Responding Defendant admits that plaintiffs have filed a complaint identified by them as a "civil rights wrongful death/survival action" and which purports to allege certain causes of action under the United States Code, amendments to the United States Constitution and California law.  Responding Defendant denies each, every, and all allegations therein that purport to categorize what occurred to the Decedent, including to the extent they allege the responsibility or liability of Responding Defendant and its employees.   As to the all other allegations, including alleging Jurisdiction, Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each, every and all other allegations therein.

3.      Responding to Paragraph 2 of the First Amended Complaint, Responding Defendant denies that its principal place of business is in the City of Gardena.  Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 2 and on that basis denies those allegations therein.

## PARTIES

4.      Responding to Paragraph 3 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth as to the allegations contained in Paragraph 3, and on that basis, denies those allegations.

5.      Responding to Paragraph 4 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth as to the allegations contained in Paragraph 3, and on that basis, denies those allegations.

6.      Responding to Paragraph 5 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth as to the allegations contained in Paragraph 5, and on that basis, denies those allegations.

7.      Responding to Paragraph 6 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as

to the truth as to the allegations contained in Paragraph 6, and on that basis, denies those allegations.

8. Responding to Paragraph 7 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth as to the allegations contained in Paragraph 7, and on that basis, denies those allegations.

9. Responding to Paragraph 8 of the First Amended Complaint, Responding Defendant admits that Gallegos was an employee of it but denies that Gallegos is currently an employee of it.  Responding Defendant denies each, every, and all other allegations contained therein.

10. Responding to Paragraph 9 of the First Amended Complaint, Responding Defendant denies that it was responsible for the acts and omissions alleged or that it has liability to plaintiffs or caused plaintiffs' damages. Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth as to the other allegations contained in Paragraph 9 and on that basis denies those allegations.

11. Responding to Paragraph 10 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations therein.

12. Responding to Paragraph 11 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 11 and on that basis denies each, every, and all allegations therein.

13.     Responding to Paragraph 12 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies each, every, and all allegations therein.

## GENERAL ALLEGATIONS

14.     Responding to Paragraph 13 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis denies each, every, and all allegations therein.

15.     Responding to Paragraph 14 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies each, every, and all allegations therein.

16.     Responding to Paragraph 15 of the First Amended Complaint, as to alleged acts or omissions by Gallegos or Responding Defendant, Responding Defendant expressly denies each, every, and all allegations in Paragraph 15. Responding to the other allegations of Paragraph 15 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the other allegations and on that basis denies each, every, and all other allegations therein.

17. Responding to Paragraph 16 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies, each, every, and all allegations therein.

18. Responding to Paragraph 17 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis denies each, every, and all allegations therein.

19. Responding to Paragraph 18 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 18.

**FIRST CAUSE OF ACTION: CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS WALKER, OWENS, McCULLAH, GALLEGOS AND SGT. J. JIMENEZ AND DOES 1-10**

20. Responding to Paragraph 19 of the First Amended Complaint, Responding Defendant hereby incorporates by reference the allegations, admissions and denials of paragraph 1 through 19 herein as though fully set forth.

21. Responding to Paragraph 20 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 20, and on that basis denies each, every, and all allegations therein.

22. Responding to Paragraph 21 of the First Amended Complaint, Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and on that basis denies each, every, and all allegations therein.

23. Responding to Paragraph 22 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 22.

24. Responding to Paragraph 23 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 23.

25. Responding to Paragraph 24 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 24.

26. Responding to Paragraph 25 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 25.

27. Responding to Paragraph 26 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 26.

28. Responding to Paragraph 27 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 27.

## SECOND CAUSE OF ACTION: ENTITY LIABILITY FOR CUSTOM, PRACTICE OR POLICY CAUSING CONSTITUTIONAL VIOLATIONS

29. Responding to Paragraph 28 of the First Amended Complaint, Responding Defendant hereby incorporates by reference the allegations, admissions and denials of paragraph 1 through 28 herein as though fully set forth.

30. Responding to Paragraph 29 of the First Amended Complaint , Responding Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and on that basis denies each, every, and all allegations therein.

31. Responding to Paragraph 30 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 30.

32. Responding to Paragraph 31 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 31.

33. Responding to Paragraph 32 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 32.

34. Responding to Paragraph 33 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 33.

# THIRD CAUSE OF ACTION: ENTITY LIABILITY FOR CUSTOM, PRACTICE OR POLICY CAUSING CONSTITUTIONAL VIOLATIONS

35. Responding to Paragraph 34 of the First Amended Complaint, Responding Defendant hereby incorporates by reference the allegations, admissions and denials of paragraph 1 through 34 herein as though fully set forth.

36. The allegations contained in Paragraphs 35, 36, 37, 38, 39 of the First Amended Complaint are not asserted against Responding Defendant and therefore it does not respond to those allegations pursuant to Federal Rules of civil Procedure, Rule 8(b)(1)(B).

# FOURTH CAUSE OF ACTION: NEGLIGENCE AGAINST ALL DEFENDANTS AND DOE DEFENDANTS

37. Responding to Paragraph 40 of the First Amended Complaint, Responding Defendant hereby incorporates by reference the allegations, admissions and denials of paragraph 1 through 36 as though fully set forth.

38. Responding to Paragraph 41 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 41.

39. Responding to Paragraph 42 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 42.

40. Responding to Paragraph 43 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 43.

41. Responding to Paragraph 44 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 44.

42. Responding to Paragraph 45 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 45.

43. Responding to Paragraph 46 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 46.

44. Responding to Paragraph 47 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 47.

45. Responding to Paragraph 48 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 48.

46. Responding to Paragraph 49 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 49.

47. Responding to Paragraph 50 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 50.

**FIFTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 845.6 AGAINST WALKER, OWENS, MCCULLAH, GALLEGOS AND SGT. JIMENEZ AND DOES 1 through 10**

48. Responding to Paragraph 51 of the First Amended Complaint, Responding Defendant hereby incorporates by reference the allegations, admissions and denials of paragraph 1 through 47 herein as though fully set forth.

49.     Responding to Paragraph 52 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 52.

50.     Responding to Paragraph 53 of the First Amended Complaint, Responding Defendant denies each, every, and all allegations in Paragraph 53.

51.     Responding to Paragraph 54 of the First Amended Complaint Responding Defendant denies each, every, and all allegations in Paragraph 54.

## SIXTH CAUSE OF ACTION: VIOLATIONOF CIVIL CODE 52.1, UNLAWFUL SEARCH AND SEIZURE AGAINST WALKER, OWENS AND MCCULLAH AND DOES 1 through 10

52.     Responding to Paragraph 55 of the First Amended Complaint, Responding Defendant hereby incorporates by reference the allegations, admissions and denials of paragraph 1 through 51 herein as though fully set forth.

53.     The allegations contained in Paragraphs 56, 57, 58 of the First Amended Complaint are not asserted against Responding Defendant and therefore it does not respond to those allegations pursuant to Federal Rules of civil Procedure, Rule 8(b)(1)(B).

## PRAYER FOR RELIEF

54.     Responding Defendant denies that plaintiffs have suffered injuries and damages as a result of its or its employee(s) conduct and denies that they are entitled to the alleged general and special damages set forth in Paragraph 1 of the Prayer.

55.	Responding Defendant denies that plaintiffs have suffered injuries and damages as a result of its or its employee(s) conduct and denies that they are entitled to the alleged punitive damages set forth in Paragraph 2 of the Prayer.

56.	Responding Defendant denies that plaintiffs have suffered injuries and damages as a result of its or its employee(s) conduct and denies that they are entitled to the alleged costs, penalties and interest set forth in Paragraph 3 of the Prayer.

57.	Responding Defendant denies that plaintiffs have suffered injuries and damages as a result of its or its employee(s) conduct and denies that they are entitled to the alleged attorneys' fees and costs set forth in Paragraph 4 of the Prayer.

58.	Responding Defendant denies that plaintiffs have suffered injuries and damages as a result of its or its employee(s) conduct and denies that they are entitled to the other and further relief set forth in Paragraph 5 of the Prayer.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

## **FIRST, SEPARATE AND AFFIRMATIVE DEFENSE**

59.	As a separate and distinct affirmative defense, Responding Defendant is informed and believes, and upon such information and belief alleges, that each cause of action contained in the Plaintiffs' First Amended Complaint fails to state facts sufficient to constitute a cause of action against this Responding Defendant or its employees, including because the facts are not sufficient to satisfy the elements of the claims pled against G4S and its employees and are subject to the affirmative defenses set forth herein.

**SECOND, SEPARATE AND AFFIRMATIVE DEFENSE**

60. As a separate and distinct affirmative defense, Responding Defendant is informed and believes, and upon such information and belief alleges, that if Plaintiffs suffered or sustained loss, damage or injury as alleged in the complaint, such loss, damage or injury was proximately caused and contributed by the Decedent and Plaintiffs in failing to conduct themselves in a manner ordinarily expected of a reasonably prudent person in the conduct of their affairs and person. Plaintiffs' recovery herein is barred or diminished to the extent that Plaintiffs' damages are attributable to the Decedent and/or Plaintiffs' negligence.

**THIRD, SEPARATE AND AFFIRMATIVE DEFENSE**

61. As a separate and distinct affirmative defense, Responding Defendant alleges that venue is not proper against it.

**FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE**

62. As a separate and distinct affirmative defense, Responding Defendant is informed and believes, and upon such information and belief alleges, that the injuries and damages therein alleged were proximately caused or contributed to by the negligence of other Defendants, persons, and/or entities, and that said negligence was an intervening and superseding cause of injuries and damages of which Plaintiffs complain.

**FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE**

63. As a separate and distinct affirmative defense, Responding Defendant is informed and believes, and upon such information and belief alleges, that Plaintiffs' First Amended Complaint is barred by the applicable statutes of limitation under the laws of the United States and California, including Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343.

**SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE**

64. As a separate and distinct affirmative defense, Responding Defendant alleges that should it or its employee(s) be found that they are in any manner legally responsible for the damages sustained by Plaintiffs, which it specifically denies, such damages were proximately caused and contributed to by other parties in this case, whether or not served, and by other persons or entities not presently parties to this action. The liability of all Defendants and responsible parties, named or unnamed, should be apportioned according to its relative degree of fault and the liability of this answering Defendant should be reduced accordingly.

**SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

65. As a separate and distinct affirmative defense, Responding Defendant is informed and believes, and upon such information and belief alleges, that the Decedent and/or plaintiffs could have, through the exercise of reasonable diligence, limited or prevented their damages, yet the Decedent and/or Plaintiffs failed and refused to do so. Such failure or refusal on the part of the Decedent and Plaintiffs constitutes a failure to mitigate their damages.

### EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE

66.     As a separate and distinct affirmative defense, Responding Defendant is informed and believes, and upon such information and belief alleges that Plaintiffs' First Amended Complaint is barred by the equitable doctrine of unclean hands.

### NINTH, SEPARATE AND AFFIRMATIVE DEFENSE

67.     As a separate and distinct affirmative defense, Responding Defendant is informed and believes, and upon such information and belief alleges, that the Decedent and/or Plaintiffs consented to the actions allegedly taken by this answering Defendant and its employees, thereby barring the Decedent and/or Plaintiffs from recovering damages from this Responding Defendant.

### TENTH, SEPARATE AND AFFIRMATIVE DEFENSE

68.     As a separate and distinct affirmative defense, Responding Defendant is informed and believes, and upon such information and belief alleges, that Plaintiffs First Amended Complaint is barred by the equitable doctrine of laches by reason of the Decedent and/or Plaintiffs' unreasonable delay.

### ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

69.     As a separate and distinct affirmative defense, Responding Defendant is informed and believes, and upon such information and belief alleges, that it and its employees have immunity, including governmental, quasi-governmental and qualified immunity, from the claims in this lawsuit.

### TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE

70. As a separate and distinct affirmative defense, Responding defendant is informed and believes, and upon such information and belief alleges, that Plaintiffs action is barred by reason of the emergency doctrine. While acting without negligence, Defendant and its employees were suddenly and unexpectedly confronted with the presence or appearance of imminent danger and adopted a course of action that any reasonable and prudent person in similar circumstances might have taken.

### THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

71. As a separate and distinct affirmative defense, Responding Defendant is informed and believes, and upon such information and belief alleges, that Plaintiffs recovery, if any must be reduced by the terms of Civil Code section 1431.1 et seq. (Proposition 51).

### FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

72. As a separate and distinct affirmative defense, Responding Defendant alleges on information and belief that Plaintiffs may be barred for failure to join one or more parties needed for a just adjudication within the meaning of Rule 19 of the Federal Rules of Civil Procedure.

### FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

73. As a separate and distinct affirmative defense, Responding Defendant is informed and believes, and upon such information and belief alleges, that at all

times material herein, the Decedent and/or Plaintiffs were aware of any inherent danger to their persons or property and assumed the risk of such danger by failing to take precautions in the conduct of their persons or property. The Decedent and/or Plaintiffs' assumption of said risk bars any recovery to the extent that the Decedent and/or Plaintiffs' damages are attributable to the Decedent and/or Plaintiffs' assumption of risk.

### SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

74. As a separate and distinct affirmative defense, Responding Defendant's conduct was not the proximate cause of the alleged deprivation of Decedent's constitutionally protected rights.

### SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

75. As a separate and distinct affirmative defense, the acts of Responding Defendant and its employee(s) was lawful, privileged, reasonable, justified and made in good faith.

### EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

76. As a separate and distinct affirmative defense, the acts of Responding Defendant and its employee(s) were justified in that they were based on an honest misunderstanding of fact or law.

### NINTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

77. As a separate and distinct affirmative defense, the acts of Responding Defendant and its employee(s) were taken in good faith and without malicious intent to deprive Decedent and/or Plaintiffs of their constitutional rights or to cause injury.

### TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE

78. As a separate and distinct affirmative defense, in the event that any cause of action in the FAC is brought or otherwise premised on state law, it is further alleged that the acts or omissions relating to the subject matter of this litigation were the result of the exercise of discretion vested in public employees and therefore, Responding Defendant and its employee(s) are immune from liability herein under California Government Code section 815, 815.2, 820.4, 821.8, 822.2 and California Penal Code sections 836, 836.5 and 849.

### TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE

79. As a separate and distinct affirmative defense, the detention, arrest and/or search or seizure herein complained of and any subsequent detention, arrest, search and/or prosecution were lawfully made in that reasonable and probable cause of said detention, arrest and/or search and seizures existed at the time of the occurrence which is the subject of this litigation.

### TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE

80. As a separate and distinct affirmative defense, the acts of Responding Defendant and its employee(s) were justified on the grounds that they were done without malice, with good faith belief that the arrest of Decedent was based upon probable cause.

### TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE

81. As a separate and distinct affirmative defense, Responding Defendant and its employee(s) acted within the scope of their discretion, in good faith, with due care, and pursuant to applicable rules, regulations, and practices reasonably and in good faith believed to be in accordance with the Constitution and laws of the United States, and defendants are therefore entitled to qualified immunity.

### TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE

82. As a separate and distinct affirmative defense, the acts of Responding Defendant and its employee(s) were justified in that they were based on an honest misunderstanding of fact or law.

### TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE

83. As a separate and distinct affirmative defense, Responding Defendant and its employee(s) were not acting under color of any statute, ordinance, regulation, custom or usage at the time of the alleged acts or omissions in the First Amended Complaint.

**TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE**

84. This Responding Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available to it. Therefore, this Responding Defendant reserves the right to assert additional separate defenses in the event discovery indicates that such defenses would be appropriate.

**WHEREFORE**, Responding Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by their action;
2. That Responding Defendant be awarded attorneys fees and other costs of suit; and
3. For such other relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Responding Defendant G4S hereby demands a trial by jury on all triable issues.

DATED: June 25, 2014          ROBINSON DI LANDO

By: ___/S/ Mark Kane_____
Michael A. Di Lando, Esq.
Mark Kane, Esq.
Attorneys for Defendant, G4S Secure Solutions (USA) Inc.

ANSWER TO FIRST AMENDED COMPLAINT