R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5711 West Slauson Ave., Suite 100
Culver City, CA 90230
E-mail: samuelpaz@msn.com
Soniamer2002@yahoo.com
Tel: 310- 410-2981; Fax:  310- 410-2957

Ronald O. Kaye (No.145051)
E-mail: rok@kmbllaw.com
Kevin J. LaHue (No. 262779)
**KAYE, McLANE, BEDNARSKI & LITT**
234 East Colorado Boulevard, Suite 230
Pasadena California 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Co-counsel for Plaintiffs:
Desiree Henriquez, Joseph Ignacio Henriquez and the Estate of Jose Roberto Henriquez Jr.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE HENRIQUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF BELL, et al.,<br><br>Defendants. | Case No. 2:14-CV-00196-GW(SSx)<br><br>[Assigned to Hon. George H. Wu]<br><br>**PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS AND MOTION TO STRIKE.**<br><br>**Hearing Date: March 23, 2015**<br>**Time:            8:30 a.m.**<br>**Courtroom:    10**<br><br>[Filed Concurrently with Plaintiffs' Opposition to Defendants' Motion for Summary Judgment; Plaintiffs' Statement of Genuine Disputes and Declarations]<br><br>Complaint Filed: January 9, 2014<br>Trial Date:  May 26, 2015 |

**1**  **PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING.**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLAINTIFFS HEREBY OBJECT TO DEFENDANT LOS ANGELES COUNTY AND PARAMEDIC RAMIREZ'S EVIDENCE IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS.

1. **DEFENDANTS FAIL TO MEET THEIR BURDEN TO PRODUCE COMPETENT UNDISPUTED FACTS.**

The initial burden of producing competent and admissible undisputed material facts in a motion for summary judgment (MSJ) is on the movant Defendants Los Angeles County ("COLA") and Paramedic Ramirez. "The movant's papers are carefully scrutinized, while those of the opposing party are indulgently regarded." *Bishop v. Wood*, (1976) 426 U.S. 341.

FRCP Rule 56 (c)(2), states that, "a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."

This statute requires that evidence submitted to the court *must meet all requirements* for admissibility of evidence as if it were offered at the time of trial.

In a motion for summary judgment, the first basic principle is that evidence must be competent and submitted by competent affidavits in order to be admissible.

If the evidentiary showing made by the movant is insufficient, the party opposing summary judgment need do nothing, as it may resist summary judgment on that basis alone. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-161, (1990).

**A.  A Motion for Summary Judgment Is a Drastic Measure and Evidence Must Be Admissible Just Like at Trial.**

Summary judgment procedure is generally considered a drastic remedy, and strict compliance with provisions of Rule 56 is required. *Parmelee v Chicago Eye*

*Shield Co.* 157 F.2d 582 (8th Cir.1946). Summary judgment does not serve as substitute for trial, nor can it be employed so as to require parties to litigate via affidavits, and it is drastic relief to be applied with caution. *Redhouse v Quality Ford Sales, Inc.*, 511 F.2d 230, (10th Cir. 1975). Summary judgment remedy is to be granted only where requirements of Rule 56 have clearly been met. *United States v Bosurgi*, 530 F.2d 1105, (2nd Cir., 1976). Defendants fail to so comply.

FRCP Rule 56 (c) **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Here, defense expert Navarro interjects his opinions based on mere speculation and hearsay instead of competent admissible evidence. Expert Navarro further states opinions as to the ultimate facts in dispute and on the ultimate legal issues.

**B. Speculative, Hypothetical and Conjecture Statements By Experts Do Not Replace Defendants' Burden to Come Forward With Competent Admissible Evidence to Proof the Truth of the Matter Stated.**

Based on FRE Rule 702, expert testimony may not be considered on summary judgment if it would be inadmissible at trial because it does not meet the requirements of FRE 702 for expert testimony. Plaintiffs' objections to Defendants' paramedic expert's declaration are based on hearsay statements, speculation and conjecture.

FRE Rule 702 requires the expert testimony must be: (a) based on scientific, technical, or specialized knowledge and help the trier of fact understand the evidence or determine the fact at issue; (b) the testimony must be based on sufficient fact; (c) the testimony must be the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

An expert's opinion must be based on scientific, technical or other specialized knowledge and not on "subjective belief or unsupported speculation." *Daubert,* 509

3 **PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING.**

U.S. at 590; see eg., *Textron, Inc. v. Barber-Colman Co.*, 903 F. Supp. 1558, 1564 (W.D.N.C. 1995) (stating that "not every opinion offered by an expert is an expert opinion ... [and that] an expert's opinion must be an 'expert' opinion (that is an opinion formed by the witness' expertise) rather than simply an opinion broached by a purported expert").

Moreover, testimony of an expert that constitutes mere personal belief as to the weight of the evidence invades the province of the jury. See *McGowan v. Cooper Indus., Inc.*, 863 F.2d 1266, 1273 (6th Cir. 1987) (holding that although expert's testimony on industry custom was admissible, "once the jury heard all of the evidence on the scope of [the defendant's] duty, it was as qualified as [the expert] to determine whether [the defendant] breached that duty").

Mr. Navarro also opines on what the paramedics "believed." *STX, Inc. v. Brine, Inc.*, 37 F. Supp. 2d 740, 768 (D. Md. 1999) state that "'an expert's opinion on the ultimate legal issue must be supported by something more than a conclusory statement,'" (quoting *In re Buchner*, 929 F.2d 660, 661 (D.C. Cir. 1991)), aff'd, 211 F.3d 588 (D.C. Cir. 2000). See also *Securities and Exch. Comm'n v. Lipson,* 46 F. Supp. 2d 758, 763 (N.D. Ill. 1998), holding that expert's training and experience as accountant did not "specially equip him to divine what [the defendant] truly believed" about reliability of financial reports and that any opinions offered in that regard were "at worst, speculation [and] at best, they are credibility choices that are within the province of the jury".

FRE Rule 702 imposes an obligation on a trial judge to "'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147, 143 L. Ed. 2d 238, 119 S. Ct. 1167 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). The party offering the expert has the burden of proving admissibility under Rule 702. See *Daubert,* 509 U.S. at 592 n.10 [citing Fed. R. Evid. 104(a)],

**4    PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING.**

*Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 780 (3d Cir. 1996) and *Jinro America Inc., v. Secure Investments, Inc.*, 266 F.3d 993 (9th Cir. 2001.)

FRE Rule 401 states: ''Relevant evidence'' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

FRE Rule 402 requires that all evidence which is not relevant, must be excluded.

It is well established that proffered evidence is not relevant if it has a tendency to prove or disprove a disputed intermediate or ultimate fact of consequence to determination of the action only by resort to inferences or deductions from the evidence that are speculative or conjecture in nature. *People v. Louie*, 158 Cal.App. 3d. Supp 28, 46 (1984).

To avoid repetition, Plaintiffs incorporate the above authority in the specific statements below.

**OBJECTIONS TO EVIDENCE AND EVIDENCE TO BE STRICKEN**

**THE DECLARATION OF RAYMOND NAVARRO.**

**No. 1 - Evidentiary Item to be Stricken.**

**Declaration Raymond Navarro, ¶5, Lines 15-18:**

It is my opinion based on my training and experience that the Los Angeles County paramedics who responded to the call would not have had access to the audio recording of the dispatch call.

FRE Rule 401, this is not relevant. The issue is not whether the paramedic had access to the audio recording, but whether the paramedic received an electronic transmittal of the audio dispatch call.

//
//

**No. 2 - Evidentiary Item to be Stricken.**

**Declaration Raymond Navarro, ¶9:**

The Los Angeles County paramedics' records show that *the paramedics believed* Mr. Henriquez was neurologically intact and competent to refuse transportation to the hospital. The paramedic records in no way indicate that Mr. Henriquez was unable to take care of himself or unable to be released to himself.

The expert cannot testify to the ultimate issue of the paramedics' belief. The expert statement that "paramedic records in no way indicate that Mr. Henriquez was unable to care for himself," is argument – not expert opinion. Thus, the opinion lacks foundation and is based on conjecture and speculation.

FRE Rule 702 requires the expert testimony must be: (a) based on scientific, technical, or specialized knowledge and help the trier of fact understand the evidence or determine the fact at issue. (See authorities above and *Securities and Exch. Comm'n v. Lipson,* 46 F. Supp. 2d 758, 763 (N.D. Ill. 1998), holding that expert's training and experience as accountant did not "specially equip him to divine what [the defendant] truly believed" … any opinions offered in that regard were "at worst, speculation [and] at best, they are credibility choices that are within the province of the jury".)

**No. 3 - Evidentiary Item to be Stricken.**

**Declaration Raymond Navarro, ¶12:**

There is no indication in the paramedic records that they believed Mr. Henriquez was being detained by the police for any reason or that he would be arrested. Police officers are often at the scene of an accident when the paramedics arrive. This does not mean the patient is being detained or that he will be arrested. … There is no indication in the paramedic report that they believed Mr. Henriquez was being detained for suspicion of driving under the influence or that he was going to be arrested. Even if they had such suspicion, paramedics are not involved in the decision of whether to make an arrest.

The expert cannot testify to the ultimate issue of the paramedics' belief. FRE Rule 702 requires the expert testimony must be (a) based on scientific, technical, or

**6** | **PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING.**

specialized knowledge and help the trier of fact understand the evidence or determine the fact at issue. (See authorities above and *Securities and Exch. Comm'n v. Lipson,* 46 F. Supp. 2d 758, 763 (N.D. Ill. 1998). Thus, the opinion lacks foundation and is based on conjecture and speculation and per FRE 702, Plaintiffs request it be stricken.

**No. 4 - Evidentiary Item to be Stricken.**
**Declaration Raymond Navarro, ¶13:**

The records and depositions of the Los Angeles County paramedics and officers in this case confirm that Mr. Henriquez was arrested by the Bell Police officers after he was released to himself by the paramedics. The paramedics cannot force a patient to go via ambulance to the hospital even if they suspect the patient will be arrested after they release the patient to self. It is my opinion, to a reasonable medical probability, based on my education, training and experience, that the paramedic records and depositions of Paramedic Ramirez and Paramedic Askren confirm they did not release Mr. Henriquez for booking. The records, in fact, confirm that he was released to himself not to police custody. It is my opinion, based on my education, training, experience and review of records and depositions that this was appropriate under the circumstances.

The expert cannot make a credibility finding, accepting the testimony of the paramedics over the testimony of Officer Walker, McCullah and Owens. In addition, this statement attempts to render an opinion of the ultimate facts in this case and must be excluded.

Pursuant to FRE Rule 702, Plaintiffs move to strike as rank speculation, conjecture, lacks foundation on the part of the expert and Plaintiffs request it be stricken.

**No. 5 - Evidentiary Item to be Stricken.**
**Declaration Raymond Navarro, ¶14:16-18:**

There was no reason for the paramedics to suspect that he lost consciousness due to a serious neurological problem.

Mr. Navarro attempts to provide an opinion as to the paramedic's state of

7 | **PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING.**

mind. Pursuant to FRE 702, and the above authority Plaintiffs move to strike as rank speculation, conjecture, lacks foundation on the part of the expert.

### No. 6 - Evidentiary Item to be Stricken.

**Declaration Raymond Navarro, ¶15:**

> Even if base hospital had been contacted at some point between 1000 and 1010 on April 13, 2013, it is my opinion to a reasonable medical probability that the call would not have resulted in Mr. Henriquez going by ambulance to the emergency room at that time.

FRE Rule 702, the entire statement is based on speculation, conjecture ("even if," "would have" and "a physician would not have been involved…") and lacks foundation on the part of the expert to speculate and guess and Plaintiffs request it be stricken.

### No. 7 - Evidentiary Item to be Stricken.

**Declaration Raymond Navarro, ¶16:**

> It is my opinion, to a reasonable medical probability, based on my education, training and experience as a paramedic, that even if the MICN answering the base hospital call was advised the patient had experienced period(s) of unconsciousness, vomiting and headache, but now had a perfectly normal neurological examination, the MICN would not have directed the paramedics to force the patient into the ambulance and to the hospital. The MICN likely would have ensured the patient was advised of the risks Mr. Askren testified that he discussed with the patient.

FRE 702, the entire statement is based on rank speculation, conjecture ("even if", "would not have" and "MICN likely would have ensure…") and lacks foundation on the part of the expert to speculate and guess and Plaintiffs request it be stricken.

### No. 8 - Evidentiary Item to be Stricken.

**Declaration Raymond Navarro, ¶17:**

> It is my opinion that no further action could or would have been taken by the MICN to get the patient to a hospital to a reasonable medical probability based on my experience and training dealing with base hospital contact. Even if the MICN had spoken directly to Mr. Henriquez, there is no reason to believe the nurse would have been able to convince him over the

8 **PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING.**

phone to go to the hospital when the paramedics at the scene had been unable to convince him to go. It is my opinion, to a reasonable medical probability, based on my education, training, experience and review of records and depositions, that the outcome in this case would have been the same even if the Los Angeles County paramedics made base hospital contact.

There is no evidence submitted by Defendants regarding MICN's influence over Mr. Henriquez. The expert's believes or conjecture, speculation lack foundation. Pursuant to FRE 702, Plaintiffs move to strike as rank speculation, conjecture, lacks foundation on the part of the expert and Plaintiffs request it be stricken.

**No. 9 - Evidentiary Item to be Stricken.**
**Declaration Raymond Navarro, ¶18:**

….. Their records show they appropriately responded to the call and performed a thorough examination of the patient. The records indicate Mr. Henriquez was neurologically intact. His symptoms and complaints could be associated with many different issues and, to a reasonable medical probability, were not diagnostic for a brain injury or aneurysm. Despite his normal examination at approximately 1000 on April 13, the paramedics appropriately offered Mr. Henriquez transport to the hospital and explained the risks when he refused to go to the hospital. The records indicate the Los Angeles County paramedics assessed Mr. Henriquez fully and appropriately determined he was competent to refuse to go to the hospital.

Pursuant to FRE Rule 702, as set forth above, an expert's opinion on the ultimate factual issues in dispute is not admissible. *STX, Inc. v. Brine, Inc.*, 37 F. Supp. 2d 740, 768 (D. Md. 1999) (stating that "'an expert's opinion on the ultimate legal issue must be supported by something more than a conclusory statement'"). In addition, it is beyond the expertise of the expert to opine whether Mr. Henriquez was "neurologically intact" and "not diagnostic of an aneurysm."

//
//

9 | **PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING.**

**No. 10 - Evidentiary Item to be Stricken.**

**Declaration Raymond Navarro, ¶21:**

It is my opinion, based on my education, training, experience and review of the records and depositions in this case that no negligent act or omission by the Los Angeles County Fire Department or County paramedics at the time of this first call led to the injuries alleged in this case.

Pursuant to FRE Rule 702, as set forth above, an expert's opinion on the ultimate factual issues in dispute is not admissible. *STX, Inc. v. Brine, Inc.*, 37 F. Supp. 2d 740, 768 (D. Md. 1999) (stating that "'an expert's opinion on the ultimate legal issue must be supported by something more than a conclusory statement'").

**No. 11 - Evidentiary Item to be Stricken.**

**Declaration Raymond Navarro, ¶31:**

It is my opinion, based on my education, training, experience and review of the records and depositions in this case *that no negligent act or omission* by the Los Angeles County Fire Department or County paramedics at the time of this second call led to the injuries alleged in this case. (emphasis added.)

Pursuant to FRE Rule 702, as set forth above, an expert's opinion on the ultimate factual issues in dispute is not admissible. *STX, Inc. v. Brine, Inc.*, 37 F. Supp. 2d 740, 768 (D. Md. 1999) (stating that "'an expert's opinion on the ultimate legal issue must be supported by something more than a conclusory statement'").

**No. 12 - Evidentiary Item to be Stricken.**

**Declaration Raymond Navarro, ¶33, line 27, p. 12:1-3.**

Further, it is my opinion, based on my education, training and experience as a paramedic as well as my review of the records and depositions in this case that no negligent act or omission by the Los Angeles County paramedics led to the injuries alleged.

Pursuant to FRE 702, as set forth above, an expert's opinion on the ultimate factual issues in dispute is not admissible. *STX, Inc. v. Brine, Inc.*, 37 F. Supp. 2d 740, 768 (D. Md. 1999) (stating that "'an expert's opinion on the ultimate legal issue

10 **PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING.**

must be supported by something more than a conclusory statement'").

Respectfully submitted,
**LAW OFFICES OF R. SAMUEL PAZ &
SONIA MERCADO & ASSOCIATES**

Dated: March 2, 2015      By:   */S/ Sonia M. Mercado*
                                Sonia Mercado, Co-Counsel for Plaintiffs

**KAYE, McLANE, BEDNARSKI & LITT, LLP**

                          By:   */S/ Ronald O. Kaye*
Dated: March 2, 2015
                                RONALD O. KAYE
                                Attorney for Plaintiffs

11  **PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING.**